UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JASON SANTOS and MARITZA SANTOS,    )
       )    **AMENDED COMPLAINT**
     Plaintiffs,    )
       )    **JURY TRIAL DEMANDED**
 -against-    )
       )    17 Civ. 1732 (NRB) (RLE)
THE CITY OF NEW YORK; POLICE OFFICER   )
AUGUSTIN LOPEZ, Shield No. 4417; JOHN   )
DOES and RICHARD ROES,    )
       )
     Defendants.    )
-------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.    This is a civil action in which the plaintiffs, JASON SANTOS and MARITZA

SANTOS, seek relief for the defendants' violation of their rights secured by the Civil Rights Act

of 1871, 42 U.S.C. Section 1983; by the United States Constitution, including its First, Fourth

and Fourteenth Amendments and by the laws and Constitution of the State of New York.  The

plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief, an

award of costs and attorneys' fees, and such other and further relief as this court deems equitable

and just.

## JURISDICTION

2.    This action is brought pursuant to the Constitution of the United States, including

its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is

conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this

being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3.    The plaintiffs further invoke this court's supplemental jurisdiction, pursuant to 28

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to

claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.      Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## VENUE

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.      Plaintiffs filed a timely Notice of Claim with the Comptroller of the City of New York on April 4, 2016, within 90 days of some of the incidents complained of herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.      Plaintiffs JASON SANTOS and MARITZA SANTOS, at all times relevant herein, were residents of the State of New York and the City of New York.  Plaintiff MARITZA SANTOS is the mother of Plaintiff JASON SANTOS.  During the events set forth herein, Plaintiffs lived together in housing owned and operated by the New York City Housing Authority (NYCHA), an agency of Defendant NEW YORK CITY.  Plaintiffs are Hispanic.

8.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and

for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9.      Defendants POLICE OFFICER AUGUSTIN LOPEZ and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK, and / or were at all times relevant herein duly appointed and acting officers, servants, employees and agents of other agencies of THE CITY OF NEW YORK.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department or other agencies of THE CITY OF NEW YORK, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants POLICE OFFICER AUGUSTIN LOPEZ and JOHN DOES are sued individually.

10.      Defendants RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department and / or other agencies of THE CITY OF NEW YORK, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command.  Defendants are and were at

all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department or other agencies of THE CITY OF NEW YORK, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants RICHARD ROES are sued individually.

## STATEMENT OF FACTS

11.     On December 11, 2015, Plaintiff JASON SANTOS – who was then seventeen years old - was arrested in a public park (on information and belief called the Patterson Playground) across the street from Lincoln Hospital, 234 Eugenio Maria De Hostos Blvd (East 149th Street), Bronx, New York 10451 (Between Park and Morris Avenues), at approximately 8 p.m.

12.      Plaintiff JASON SANTOS was falsely arrested by approximately 4 or 5 JOHN DOES members of the NYPD, on information and belief including Defendant POLICE OFFICER AUGUSTIN LOPEZ.

13.     The approximately 4 or 5 JOHN DOES members of the NYPD, on information and belief including Defendant POLICE OFFICER AUGUSTIN LOPEZ, at first were going to write Plaintiff a summons for being in the park after dark – which, at approximately 8 p.m. is not a violation of the law, as "persons may enter and use the parks from 6:00 a.m. until 1:00 a.m. unless the open hours are posted at any park."  *See*, § 1-03(a)(1) of the Rules & Regulations of the New York City Department of Parks & Recreation.

4

14.     On December 11, 2015 the Patterson Playground had no signs up at the entrance through which Plaintiff entered the park that day informing members of the public that it was closed at that time.

15.     On information and belief, on December 11, 2015 the Patterson Playground also had no signs up at other (and perhaps all) of its entrances informing members of the public that it was closed at that time.

16.     After Plaintiff JASON SANTOS expressed that he did not think that it was fair that he was being picked on to receive a summons (especially because there were other people in the park who were not similarly being harassed by the JOHN DOES), however, one of the JOHN DOES told him that he was going to be arrested, in sum and substance, for being an asshole.

17.     The Patterson Playground is a large park with multiple entrances that is bounded on the north by E. 148th Street, on the east by College Avenue, and on the south by a public housing development (the Morris Houses).

18.     As of June 28, 2017 (when the Patterson Playground was visited for investigative purposes in relation to this case), there were not signs at each entrance to the main area of the Patterson Playground where Plaintiff was arrested (there is also an entirely separate area just for small children) stating that the park closed at dusk.

19.     On June 28, 2017 there was only a sign stating "This playground closes at dusk" at one of the entrances to the main area of the Patterson Playground, which was attached flimsily and impermanently with metal twist ties, which can be easily removed (or put in place) simply with one's bare hands or with a common pair of pliers.

20.     On June 28, 2017 the main entrance to the park had a square sign that said

5

"Patterson Park," but had no sign stating (whether attached flimsily or otherwise) any particular open hours for the Park.

21.    On June 28, 2017 another park near to the Patterson Playground had no particular open hours posted on any of its entrances.

22.    The ostensible reason for Plaintiff JASON SANTOS' arrest was a warrant - on information and belief a warrant for someone else for a burglary or robbery charge that had nothing whatsoever to do with Plaintiff JASON SANTOS.

23.    The warrant had, on information and belief, been issued for someone with the same date of birth as Plaintiff - and possibly with the same name (though that is unclear) - but that was linked with the photograph of an alleged perpetrator that looked plainly dissimilar from Plaintiff JASON SANTOS' appearance, and who had nothing whatsoever to do with Plaintiff JASON SANTOS.

24.    After he was arrested, Plaintiff JASON SANTOS was first brought to, on information and belief, the NYPD 70th Precinct, where he was shown the photograph of the person for whom the warrant had purportedly been issued, that looked plainly dissimilar to him.

25.    Plaintiff JASON SANTOS informed the JOHN DOES Police Officers / Detectives - at both the 70th Precinct, and at another, subsequent NYPD precinct - that there was no warrant out for him, that he had never been arrested for, nor been involved with, a burglary or a robbery, and that the photograph was not of him, but the JOHN DOES Police Officers / Detectives were uninterested.

26.    The JOHN DOES Police Officers / Detectives held Plaintiff JASON SANTOS on the warrant – which was for someone plainly visually dissimilar to him – to retaliate against him

6

for his words that they deemed to be disrespectful.

27.     Plaintiff JASON SANTOS was held in custody at these two NYPD precincts in the Bronx, and then taken to Brooklyn Central Booking, and from there held in custody at Rikers Island until Tuesday, December 15, 2015, when he was released by Judge Miller (Supreme Court, Kings County) to be fingerprinted in order to confirm that Plaintiff JASON SANTOS was not the person sought by the warrant.

28.     Upon his release Plaintiff JASON SANTOS went elsewhere in the courthouse, and was fingerprinted.

28.     As of December 17, 2015 it was confirmed that Plaintiff JASON SANTOS indeed was not the person sought by the warrant.

29.     A CRIMS APPEARANCE MENU APPEARANCE HISTORY printout dated March 3, 2016 for docket # 2015KN056601, Case # (Indictment #) 06807-2015, arrest # K15666054, lists a John Doe defendant with an address of 1120 Sherman Avenue, Bronx NY 10456 who was arrested on August 28, 2015.

30.     Plaintiffs never lived at 1120 Sherman Avenue, Bronx NY 10456.

31.     A CRIMS REMARKS REMARKS SCREEN printout dated March 3, 2016 states "12/17/15 WRONG DEFT [Defendant] BEFORE THE COURT JOHN DOE WARRANT STANDS"

32.     Plaintiff JASON SANTOS was strip-searched while he was held at Rikers Island – a degrading and dehumanizing experience that he had never experienced before.

33.     Plaintiff MARITZA SANTOS - Plaintiff JASON SANTOS' mother - as far back as in approximately September of 2015, received a letter from the New York City Housing

Authority (NYCHA) erroneously stating that Plaintiff JASON SANTOS was in custody, and that

Plaintiffs were therefore ineligible for the same housing benefits that they had previously qualified

for.

34.     This determination was made by JOHN DOE Defendants without due process of

law.

35.     Even after it was confirmed, as of December 17, 2015, that Plaintiff JASON

SANTOS indeed was not the person sought by the warrant concerning which he had been

arrested on December 11, 2015, Plaintiff MARITZA SANTOS has continued to receive

correspondence from JOHN DOES employees of numerous NEW YORK CITY (and / or State

and / or Federal agencies) – including NYCHA, possibly the City Human Resources

Administration (NYC HRA), the Medical Assistance Program, and the Queens Job Center –

erroneously stating that Plaintiff JASON SANTOS was still in custody, and denying and / or

reducing benefits entitlement based thereon, without due process of law.

36.     Among the denial and / or reduction of Plaintiffs' benefits without due process of

law are the following:

37.     Plaintiffs suffered a reduction of food stamp (SNAP) benefits based upon the

erroneous belief that Plaintiff JASON SANTOS was in jail.

38.     Plaintiffs' food stamp (SNAP) benefits (that had been received for a number of

years at $110 per month) were reduced to $69 per month starting in approximately January of

2016.

39.     Plaintiffs thereafter suffered a further reduction of food stamp benefits to $35 per

month based upon the erroneous belief that Plaintiff JASON SANTOS was in jail.

8

40.     By letter dated February 25, 2016 directed to Plaintiff JASON SANTOS from the Medical Assistance Program Plaintiffs were informed that Plaintiff JASON SANTOS' Medicaid / Family Health Plus benefits would be suspended as of March 9, 2016 based on the erroneous belief that Plaintiff JASON SANTOS was imprisoned; Plaintiff MARITZA SANTOS was able to correct this approximately one week later.

41.     Plaintiffs had resided in homeless shelters for approximately four years prior to and including 2015.

42.     In approximately July of 2015 Plaintiff MARITZA SANTOS applied for NYCHA housing for herself and then-minor Plaintiff JASON SANTOS and two of her other children, and had an interview related thereto.

43.     Plaintiff MARITZA SANTOS received an acceptance letter from NYCHA for a 3 bedroom apartment in approximately August of 2015.

44.     In approximately September 2015 Plaintiff MARITZA SANTOS received another letter from NYCHA stating that she needed to bring a certificate of disposition stating that Plaintiff JASON SANTOS was not in jail anymore (on information and belief the other Jason Santos, for whom the warrant had been intended, had been arrested August 28, 2015).

45.     Plaintiff MARITZA SANTOS, in response, obtained a letter from the shelter Plaintiffs had been residing at stating that Plaintiff JASON SANTOS was not in jail, and was residing at the shelter, and presented the letter to NYCHA staff.

46.     Plaintiff MARITZA SANTOS thereafter obtained another letter from NYCHA in approximately October or November of 2015, congratulating her and informing her that she was back on track towards receiving the 3 bedroom apartment.

9

47.     Then, in approximately December 2015, Plaintiff MARITZA SANTOS received yet another letter, again stating that she needed to bring a certificate of disposition stating that Plaintiff JASON SANTOS was not in jail anymore.

48.     Plaintiff MARITZA SANTOS, in response, again presented her documents to NYCHA staff to prove that Plaintiff JASON SANTOS was not in jail, and was residing at the shelter.

49.     Plaintiff MARITZA SANTOS thereafter obtained yet another letter from NYCHA, again congratulating her, and again informing her that she was back on track towards receiving the 3 bedroom apartment.

50.     Plaintiff MARITZA SANTOS thereafter received yet another letter, again stating that she needed to bring a certificate of disposition stating that Plaintiff JASON SANTOS was not in jail anymore.

51.     On March 21, 2016 Plaintiff MARITZA SANTOS went to a NYCHA office and presented them with a "Miscellaneous Certificate" for docket # 2015KN056602, Indictment # 6807-15, from the Supreme Court of the State of New York, Kings County, dated March 3, 2016, and captioned as The People of the State of New York against a John Doe, a person named Johnathan Disla, and a Jason Santos, which states that "[a]s of 12/17/15 wrong defendant named as Jason Santos before the Court.  Wrong warrant issued on Jason Santos born on [date of birth]. Per. Judge Miller."

52.     Plaintiff MARITZA SANTOS was then placed by NYCHA back on a waitlist for a NYCHA apartment.

53.     Plaintiff MARITZA SANTOS is still waiting for NYCHA housing, and is still in a

homeless shelter with her family.

54.     Plaintiff MARITZA SANTOS also received a reduction in the housing voucher eligibility she was otherwise entitled to – from a voucher for a 2-bedroom of approximately $1,515 a month to a voucher for a 1-bedroom of approximately $900 a month – due to the erroneous belief that Plaintiff JASON SANTOS was in jail.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

55.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

56.     By their conduct and actions in falsely arresting and imprisoning plaintiff JASON SANTOS, and in abusing process against plaintiff JASON SANTOS, and in violating and retaliating for the exercise of plaintiff JASON SANTOS' rights to free speech and association, and in violating plaintiff JASON SANTOS' rights to equal protection of law, and in failing to intercede on behalf of plaintiff JASON SANTOS and in failing to protect plaintiff JASON SANTOS from the unjustified and unconstitutional treatment he received at the hands of other defendants, and in violating rights to due process of both plaintiffs, Defendants LOPEZ, DOES and/or ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiffs' constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

11

57.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury (Plaintiff MARITZA SANTOS seeks recovery only for garden-variety emotional distress), great humiliation, costs and expenses, and were otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

58.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

59.     By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants ROES caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

60.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury (Plaintiff MARITZA SANTOS seeks recovery only for garden-variety emotional distress), great humiliation, costs and expenses, and were otherwise damaged and injured.

## THIRD CLAIM

## LIABILITY OF DEFENDANT THE CITY OF NEW YORK
## FOR CONSTITUTIONAL VIOLATIONS

61.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

62.     At all times material to this complaint, defendant THE CITY OF NEW YORK,

12

acting through its police department, and through the individual defendants had <u>de</u> <u>facto</u> policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

63.    At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had <u>de</u> <u>facto</u> policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

64.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech and association in a manner that affronts police officers or is interpreted by police officers as challenging their authority or documenting or reporting their misconduct.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

65.    At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had <u>de</u> <u>facto</u> policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a

13

direct and proximate cause of the unconstitutional conduct alleged herein.

66.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of failing to properly train members of the NYPD as to how to properly ensure that a person with some of the same pedigree information as a person for whom a warrant has issued is in fact the person sought by the warrant.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

67.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of failing to properly train its employees concerning, and of failing to put in place appropriate systems concerning, the cross-referencing of arrest / custody information as it relates to the receipt of (or the reduction of, or disqualification from) public benefits.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

68.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in illegal and harassing stops, frisks, and arrests, particularly upon people of Hispanic or African-American ethnicity.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

69.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury (Plaintiff MARITZA SANTOS

14

seeks recovery only for garden-variety emotional distress), great humiliation, costs and expenses, and were otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

70.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

71.     The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiffs pursuant to the state common law doctrine of respondeat superior.

72.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury (Plaintiff MARITZA SANTOS seeks recovery only for garden-variety emotional distress), great humiliation, costs and expenses, and were otherwise damaged and injured.

## FIFTH CLAIM

### NEGLIGENCE

73.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

74.     The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiffs.  The acts and conduct of the defendants were the direct and

proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

75.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury (Plaintiff MARITZA SANTOS seeks recovery only for garden-variety emotional distress), great humiliation, costs and expenses, and were otherwise damaged and injured.

## SIXTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

76.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

77.     Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

78.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury (Plaintiff MARITZA SANTOS seeks recovery only for garden-variety emotional distress), great humiliation, costs and expenses, and were otherwise damaged and injured.

## SEVENTH CLAIM

## CONSTITUTIONAL TORT

79.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

16

80.     Defendants, acting under color of law, violated plaintiffs' rights pursuant to § 6 of the New York State Constitution.

81.     A damages remedy here is necessary to effectuate the purposes of § 6 of the New York State Constitution, and appropriate to ensure full realization of plaintiffs' rights under those sections.

82.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury (Plaintiff MARITZA SANTOS seeks recovery only for garden-variety emotional distress), great humiliation, costs and expenses, and were otherwise damaged and injured.

WHEREFORE, the plaintiffs demand the following relief jointly and severally against all of the defendants:

a.   Compensatory damages;

b.   Punitive damages;

c.   The convening and empaneling of a jury to consider the merits of the claims herein;

d.   Costs and interest and attorney's fees;

e.   Such other and further relief as this court may deem appropriate and equitable.

Dated:        New York, New York
              August 12, 2017

                                        _____/S/_____
                                        JEFFREY A. ROTHMAN, Esq.
                                        Law Office of Jeffrey A. Rothman
                                        315 Broadway, Suite 200
                                        New York, New York 10007
                                        (212) 227-2980

                                        Attorney for Plaintiffs